# No. 19-40838

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

**v.**

**DANIEL MENDOZA,**
Defendant–Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION,
DISTRICT COURT NO. 4:18-CR-00188-1**

---

**APPELLANT'S *ANDERS* BRIEF &
APPOINTED APPELLATE COUNSEL'S MOTION TO
WITHDRAW**

---

Kimberly S. Keller
KELLER STOLARCZYK, PLLC
234 W. Bandera Rd., No. 120
Boerne, Texas 78006
Tele: 830.981.5000
Facs: 888.293.8580

# CERTIFICATE OF INTERESTED PERSONS

UNITED STATES OF AMERICA,
         Plaintiff-Appellee,

v.
                          No. 19-40838

DANIEL MENDOZA,
         Defendant-Appellant.

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. United States of America

Trial Counsel

Ernest Gonzalez
U.S. Attorney's Office
101 E. Park Blvd., Ste. 500
Plano, TX 75074

Appellate Counsel

Bradley Elliot Visosky
U.S. Attorney's Office
101 E. Park Blvd., Ste. 500
Plano, TX 75074

2. Daniel Mendoza

Trial Counsel

Robert Jenkins
Attorney at Law
2001 Bryan Ave., LB 92
Dallas, TX 75201

Appellate Counsel

Kimberly S. Keller
Keller Stolarczyk PLLC
234 W. Bandera Rd., No. 120
Boerne, TX 78006

3.   Honorable   Christine   A.   Nowak,   United   States Magistrate Judge

4. Honorable Marcia Crone, United States District Judge

*/s/ **Kimberly S. Keller***

Kimberly S. Keller

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for the defendant-appellant has moved to withdraw and has filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After careful review of the record and the applicable law, it is the good faith belief and professional opinion of counsel that this case presents no nonfrivolous basis for an appeal. Accordingly, oral argument is not requested.

# **TABLE OF CONTENTS**

*Page*

CERTIFICATE OF INTERESTED PERSONS ............................. 2

STATEMENT REGARDING ORAL ARGUMENT ........................ 4

TABLE OF CONTENTS ........................................... 5

TABLE OF CITATIONS .......................................... 8

STATEMENT OF JURISDICTION ........................... 13

STATEMENT OF THE ISSUES............................... 14

    I.    APPELLANT EXECUTED A BINDING APPEAL WAIVER FORFEITING HIS RIGHT TO PURSUE A DIRECT APPEAL OF HIS CONVICTION AND SENTENCE EXCEPT FOR CERTAIN NARROWLY DEFINED CIRCUMSTANCES THAT DO NOT APPLY.

    II.   EVEN IF THIS COURT WERE TO DISREGARD THE APPEAL WAIVER EXECUTED BY APPELLANT, NO OTHER NONFRIVOLOUS ISSUES EXIST CONCERNING THE TAKING OF APPELLANT'S PLEA OR HIS SENTENCING.

STATEMENT OF THE CASE................................... 15

SUMMARY OF THE ARGUMENT .......................... 19

ARGUMENT ...................................................... 20

I.   APPELLANT EXECUTED A BINDING APPEAL WAIVER
FORFEITING HIS RIGHT TO PURSUE A DIRECT APPEAL
OF HIS CONVICTION AND SENTENCE EXCEPT FOR
CERTAIN NARROWLY DEFINED CIRCUMSTANCES THAT
DO NOT APPLY.................................................................. 20

    A.   Appellant Executed a Broad Waiver of His
        Appeal and Other Post-Conviction Rights.............. 20

    B.   The Appeal Waiver Executed by Appellant
        Appears Valid and Enforceable ............................ 21

        1.   Appellant knowingly & voluntarily
            waived his appeal rights ............................... 21

        2.   The exceptions to Appellant's appeal
            waiver do not apply...................................... 25

II.   EVEN IF THIS COURT WERE TO DISREGARD THE
APPEAL WAIVER EXECUTED BY APPELLANT, NO
OTHER NONFRIVOLOUS ISSUES EXIST CONCERNING
THE TAKING OF APPELLANT'S PLEA OR HIS
SENTENCING..................................................................... 38

    A.   No Nonfrivolous Issues Exist Concerning
        the Taking of Appellant's Plea .............................. 38

        1.   Standards applicable to plea
            hearings ...................................................... 39

        2.   Rule 11 of the Federal Rules of
            Criminal Procedure...................................... 40

        3.   The Magistrate Judge substantially
            complied with the requirements of
            Rule 11 at Appellant's
            rearraignment.............................................. 43

B.  No Nonfrivolous Issues Exist Concerning
Appellant's Sentencing............................................ 52

   1.  Standards of review applicable to
       sentencing .................................................. 52

   2.  There are no nonfrivolous
       procedural issues arising from the
       District Court's sentencing
       calculations or its imposition of
       Appellant's sentence .................................... 53

   3.  The District Court fully complied
       with its obligations at sentencing................... 68

   4.  Appellant had sufficient notice of the
       potential penalties for his offenses ................ 72

   5.  There are no nonfrivolous challenges
       to the substantive reasonableness of
       Appellant's sentence .................................... 73

   6.  There are no other nonfrivolous
       challenges to raise on appeal ........................ 84

APPOINTED APPELLATE COUNSEL'S MOTION TO
WITHDRAW ........................................................... 85

CONCLUSION ......................................................... 85

CERTIFICATE OF SERVICE ................................... 86

CERTIFICATE OF COMPLIANCE ........................... 88

# TABLE OF CITATIONS

Page

**SUPREME COURT OF THE UNITED STATES**

*Aldridge v. United States,*
    135 S. Ct. 123, (2014) ................................................... 38

*Anders v. California,*
    386 U.S. 738 (1967) .............................................. 4,20,86

*Blackledge v. Allison,*
    431 U.S. 63 (1977) .................................................. 25,32

*United States v. Dominguez Benitez,*
    542 U.S. 74 (2004) .................................................. 41,51

*United States v. Vonn,*
    535 U.S. 55 (2002) ...................................................... 41

**CIRCUIT COURTS OF APPEALS**

*United States v. Baty,*
    980 F.2d 977 (5th Cir.1992) ...................................... 24,33

*United States v. Baymon,*
    312 F.3d 725 (5th Cir. 2002) ......................................... 23

*United States v. Bond,*
    414 F.3d 542 (5th Cir. 2005) ................................ 23,25,33

*United States v. Brantley,*
    537 F.3d 347 (5th Cir. 2008) ......................................... 54

*United States v. Brown,*
    711 Fed. Appx. 244, 244–45 (5th Cir. 2018) ................... 80

*United States v. Burns,*
    433 F.3d at 445 (5th Cir. 2005)......................................... 22

*United States v. Cantu,*
    185 F.3d 298 (5th Cir. 1999).......................................... 25

*United States v. Cooks,*
    589 F.3d 173 (5th Cir. 2009).......................................... 76

*United States v. Cruz-Esteban,*
    426 Fed. Appx. 250 (5th Cir. 2011) ................................. 51

*United States v. Cudjoe,*
    634 F.3d 1163 (10th Cir. 2011)................................. 35,77

*United States v. Cuevas-Andrade,*
    232 F.3d 440 (5th Cir. 2000).......................................... 48

*United States v. Cuellar,*
    339 Fed.Appx. 407 (5th Cir. 2009) ................................. 52

*United States v. Dayton,*
    604 F.2d 931 (5th Cir. 1979).................................... 40,43

*United States v. Dees,*
    125 F.3d 261 (5th Cir. 1997).......................................... 23

*United States v. Ferrel,*
    603 F.3d 758 (10th Cir. 2010)......................................... 50

*United States v. Gibson,*
    55 F.3d 173 (5th Cir. 1995)............................................ 38

*United States v. Gray,*
    581 F.3d 749 (8th Cir. 2009).......................................... 52

*United States v. Gutierrez,*
    698 Fed.Appx. 789 (5th Cir. 2017) ................................. 80

*United States v. Haines,*
    803 F.3d 713 (5th Cir. 2015)...........................................59

*United States v. Harris,*
    702 F.3d 226 (5th Cir. 2012)...........................................61

*United States v. Higdon,*
    832 F.2d 312 (5th Cir. 1987)...........................................38

*United States v. Higgins,*
    739 F.3d 733 (5th Cir. 2014)....................................23,24

*United States v. Ingram,*
    481 Fed. Appx. 226 (5th Cir. 2012) ................................64

*United States v. Isgar,*
    739 F.3d 829 (5th Cir. 2014)...........................................38

*United States v. Long,*
    722 F.3d 257 (5th Cir. 2013)...........................................25

*United States v. McKinney,*
    406 F.3d 744 (5th Cir. 2005)....................................25,56

*United States v. Myers,*
    150 F.3d 459 (5th Cir. 1998)...........................................53

*United States v. Oliver,*
    630 F.3d 397 (5th Cir. 2011)...........................................25

*United States v. Peltier,*
    505 F.3d 389 (5th Cir. 2007)...........................................74

*United States v. Portillo,*
    18 F.3d 290 (5th Cir. 1994)...........................................23

*United States v. Puig-Infante,*
    19 F.3d 929 (5th Cir. 1994)...........................................61

*United States v. Robinson,*
    187 F.3d 516 (5th Cir.1999)............................................. 24

*United States v. Rodriguez,*
    711 F.3d 541 (5th Cir. 2013).......................................... 75

*United States v. Ronquillo,*
    508 F.3d 744 (5th Cir. 2007).......................................... 54

*United States v. Rose,*
    449 F.3d 627 (5th Cir. 2006).......................................... 60

*United States v. Scott,*
    987 F.2d 261 (5th Cir. 1993).......................................... 40

*United States v. Trejo,*
    610 F.3d 308 (5th Cir. 2010).......................................... 40

*United States v. Trujillo,*
    502 F.3d 353 (5th Cir. 2007).......................................... 53

*United States v. Tucker,*
    232 Fed. Appx. 597 (7th Cir. 2007) ................................ 49

*United States v. Vega,*
    332 F.3d 849 (5th Cir. 2003)..................................... 80,82

*United States v. Venegas,*
    670 Fed. Appx. 264 (5th Cir. 2016) ................................ 80

*United States v. Walters,*
    418 F.3d 461 (5th Cir. 2005).......................................... 54

*United States v. Wargo,*
    603 Fed. Appx. 276 (5th Cir. 2015) ................................ 49

*United States v. Washington,*
    480 F.3d 309 (5th Cir. 2007)......................................25,67

*United States v. Wheaten,*
    465 Fed.Appx. 321 (5th Cir.)....................................24,33

*United States v. Wikkerink,*
    841 F.3d 327 (5th Cir. 2016)....................................64,69

## RULES & SECONDARY AUTHORITY

18 U.S.C. § 924.................................................35,75

18 U.S.C. § 3013................................................36,82

18 U.S.C. § 3553.............................................46,54,74

18 U.S.C. § 3559................................................35,77

18 U.S.C. § 3583............................................35,77,81

18 U.S.C. § 3742...................................................14

21 U.S.C. § 846.............................................35,75,77

28 U.S.C. § 1291...................................................14

FED. R. APP. P. 4 .................................................14

FED. R. CRIM. P. 11 ..........................................passim

FED. R. CRIM. P. 32 ...........................................70-73

U.S.S.G. § 5D1.2...................................................77

U.S.S.G. § 5D1.3...................................................79

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), as an appeal from a final judgment of conviction and sentence in the United States District Court for the Eastern District of Texas (Sherman Division) entered by the District Court on September 27, 2019.[1] Notice of appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure on October 2, 2019. *See* ROA.100.; FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").

---

[1]ROA.92. The record is cited as follows: "ROA.[page #]."

## STATEMENT OF THE ISSUES

I.    APPELLANT EXECUTED A BINDING APPEAL WAIVER FORFEITING HIS RIGHT TO PURSUE A DIRECT APPEAL OF HIS CONVICTION AND SENTENCE EXCEPT FOR CERTAIN NARROWLY DEFINED CIRCUMSTANCES THAT DO NOT APPLY.

II.   EVEN IF THIS COURT WERE TO DISREGARD THE APPEAL WAIVER EXECUTED BY APPELLANT, NO OTHER NONFRIVOLOUS ISSUES EXIST CONCERNING THE TAKING OF APPELLANT'S PLEA OR HIS SENTENCING.

## **STATEMENT OF THE CASE**

On November 15, 2018, a Grand Jury for the Eastern District of Texas, Sherman Division, returned a multiple count First Superseding Indictment against Mendoza and several of his codefendants. ROA.105-10. The First Superseding Indictment charged Mendoza with, among other crimes, (Count One) conspiracy to possess with the intent to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 and (Count Three) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). ROA.105-10. All offenses occurred in the Eastern District of Texas and elsewhere. Mendoza subsequently retained counsel to defend against the charged offenses. ROA.26.

Mendoza decided to forgo his right to a jury trial and entered into a Plea Agreement with the Government. ROA.375-86. Under the terms of his Plea Agreement, Mendoza agreed to plead guilty to Counts One (conspiracy to possess with the intent to manufacture and distribute methamphetamine) and

Three (possession of a firearm in furtherance of a drug
trafficking offense) of the First Superseding Indictment.
ROA.375-76. Besides agreeing to plead guilty to these offenses,
Mendoza agreed to a detailed factual basis in support of his
pleas. ROA.66-67. Mendoza's factual basis confirmed:

> his role in the conspiracy was to supply
> co-conspirators with kilogram quantities
> of methamphetamine from various
> sources, which was imported from
> Mexico, which would then be distributed
> to other co-conspirators and co-
> defendants during the term of the
> conspiracy in the Eastern and Northern
> Districts of Texas.

ROA.66-67. It also confirmed he possessed a 9mm handgun in
furtherance of the conspiracy. ROA.66-67.

Mendoza further agreed to waive his right to bring a
direct appeal of either his convictions or sentences except for
(i) a sentence in excess of the statutory maximum or (ii) a
claim of ineffective assistance of counsel. ROA.381-82. In
return for Mendoza's guilty pleas, the Government agreed to
dismiss all remaining charges against Mendoza and not to

prosecute Mendoza for any additional non-tax related criminal charges. ROA.381.

Mendoza subsequently pleaded guilty to Counts One and Three pursuant to the terms of his Plea Agreement on February 7, 2019. ROA.571. After accepting Mendoza's guilty pleas, ROA.238., the District Court added a leadership role enhancement to Mendoza's Guideline calculation at the request of the Government, ROA.471., and ultimately sentenced Mendoza to 384-months imprisonment for his offenses.[2] In addition, the District Court ordered Mendoza to serve a 5-year term of supervised release following his incarceration. ROA.248-49. (sentencing Mendoza to a 5-year term of supervised release on Counts One & Three, to be served concurrently). As for the specific conditions of Mendoza's release, the District Court informed Mendoza that he is to comply with the standard and mandatory conditions of supervised release established by the Eastern District of Texas

---

[2] ROA.247-48. The term consists of 324-months imprisonment as to Count One along with 60-months imprisonment as to Count Three of the First Superseding Indictment. ROA.247-48. The imprisonment terms as to Counts One and Three are each to be served consecutively to any other counts. ROA.247-28.

while on supervised release. ROA.248-50. It also instructed

that Mendoza is also to comply with the following special

conditions:

> ■ The defendant must provide the
> probation officer with access to any
> requested financial information for
> purposes of monitoring the defendant's
> efforts to obtain and maintain lawful
> employment and income.
>
> ■ The defendant must participate in a
> program of testing and treatment for drug
> abuse and follow the rules and
> regulations of that program until
> discharged. The probation officer, in
> consultation with the treatment provider,
> will supervise the defendant's
> participation in the program. The
> defendant must pay any cost associated
> with treatment and testing.

ROA.248-50. The District Court further ordered Mendoza to

pay a $200 total special assessment and ordered him to a

forfeiture of federal benefits for 5-years pursuant to 21 U.S.C.

§ 862. ROA.248-50. On the motion of the Government, the

Court dismissed all other charges pending against Mendoza.

ROA.255. Mendoza did not lodge any objections to the District

Court's imposition of sentence, ROA.256., and he later perfected his appeal to this Honorable Court.

## SUMMARY OF THE ARGUMENT

Counsel has read the indictment, evaluated the sufficiency of the evidence, reviewed the adequacy of the plea and sentencing proceedings, and examined the record for any arguable violations of the United States Constitution, federal statutes, and rules of criminal procedure. Having carefully examined the facts and authority pertinent to this case, counsel concludes that this appeal presents no legally nonfrivolous questions. This brief is therefore submitted in accordance with *Anders v. California*, 386 U.S. 738 (1967), and the undersigned respectfully requests permission to withdraw as appointed counsel.

**ARGUMENT**

I.    **APPELLANT EXECUTED A BINDING APPEAL WAIVER FORFEITING HIS RIGHT TO PURSUE A DIRECT APPEAL OF HIS CONVICTION AND SENTENCE EXCEPT FOR CERTAIN NARROWLY DEFINED CIRCUMSTANCES THAT DO NOT APPLY.**

A.    **Appellant Executed a Broad Waiver of His Appeal and Other Post-Conviction Rights**

Mendoza entered into a Plea Agreement wherein he agreed to a broad and unequivocal waiver of his appeal and collateral relief rights. ROA.381-82. Mendoza's Plea Agreement indicates he agreed to waive his right to appeal his convictions and sentences except in certain narrowly defined circumstances that include: (a) a sentence in excess of the statutory maximum; and (b) a claim of ineffective assistance of counsel. ROA.381-82. Mendoza's Plea Agreement specifically states:

> 11. **Waiver of Right to Appeal or Otherwise Challenge Sentence:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of

> restitution, or order of forfeiture in any
> post-conviction proceeding, including, but
> not limited to, a proceeding under 28
> U.S.C. § 2255. The defendant, however,
> reserves the right to appeal any
> punishment imposed in excess of the
> statutory maximum. The defendant also
> reserves the right to appeal or seek
> collateral review of a claim of ineffective
> assistance of counsel.

ROA.381-82. The undersigned has conferred with the Government about the enforcement of Mendoza's appeal waiver, and counsel was advised that the Government intends to enforce the appeal waiver in this case. *See United States v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006) ("It is defense counsel's obligation to ascertain and certify that the Government would rely upon the defendant's appellate waiver before moving to withdraw.").

**B.    The Appeal Waiver Executed by Appellant Appears Valid and Enforceable**

The right to appeal a conviction and sentence is a statutory right — not a constitutional one — and a defendant may waive it as part of a plea agreement. *United States v. Burns*, 433 F.3d at 445 (5th Cir. 2005); *United States v.*

*Baymon*, 312 F.3d 725, 727 (5th Cir. 2002) (citing *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997)). This Court conducts a two-step inquiry to determine whether an appeal waiver provision in a plea agreement bars an appeal. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The first step in determining whether an appeal waiver provision bars an appeal requires the Court to determine whether the appeal waiver was knowingly and voluntarily entered by the defendant. *Id.*; *see United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary."). "For a waiver of appeal to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence, that he was giving up that right, and the consequences of giving it up." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); *see Portillo*, 18 F.3d at 292. This Court has explained that it will "enforce a waiver on appeal regardless of whether the district court addressed it directly where the record indicates the defendant has read and

22

understood his plea agreement and has raised no questions about the waiver."[3]

If the appeal waiver was knowingly and voluntarily entered by the defendant, this Court then proceeds to the second step of its inquiry to determine whether the appeal waiver provision bars the defendant's appeal. At this stage of the inquiry, the Court must determine whether the appeal waiver applies to the circumstances at hand based on the

---

[3] *Higgins*, 739 F.3d at 736-37; *see United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *Bond*, 414 F.3d at 544 ("Because [the defendant] indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *Portillo*, 18 F.3d at 292–93 ("We hold [ ] that when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."); *United States v. Wheaten*, 465 Fed.Appx. 321, 323 (5th Cir.) (per curiam) (not designated for publication) ("Wheaten's response . . . indicates that he had read the plea agreement. At no time did Wheaten indicate . . . that he did not understand any of the terms set forth in the agreement. Moreover, Wheaten signed the agreement in which he attested that he had read it and understood its terms."); *cf. United States v. Baty*, 980 F.2d 977, 978–79 (5th Cir.1992) (holding that inadequate explanation of waiver-of-appeal provision specifically questioned by defendant rendered the waiver invalid); *United States v. Robinson*, 187 F.3d 516, 518 (5th Cir.1999) ("It is clear from the plea colloquy that the district court did not ask Robinson whether he had read the written plea agreement and understood it.").

plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). This Court applies normal principles of contract law in order to interpret the terms of the plea agreement. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).

Importantly, in the plea context, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see United States v. Long*, 722 F.3d 257, 264 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1514 (2014). For example, a defendant's "statements that his plea was knowing and voluntary and that he understood the rights he was waiving create a presumption that in fact the plea is valid." *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74; *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011).

1.    **Appellant knowingly & voluntarily waived his appeal rights**

Mendoza's waiver of his right to appeal his convictions and sentences as set forth in the Plea Agreement appears to be a knowing and voluntary act because Mendoza was well informed of his rights and consciously chose to waive those rights below. The record demonstrates the Magistrate Judge fully complied with the dictates of Federal Rule of Criminal Procedure 11 at Mendoza's plea hearing by verifying on the record that Mendoza knew about his appellate rights and the impact the appeal waiver provision would have on those rights.

> The Court:    Do you understand that when you enter a plea here today, what you're going to be doing is admitting to all of those essential elements that were just read to you?
>
> Defendant:    Yes, ma'am.
>
> The Court:    And so I'm going to go ahead and just ask you, do you in fact admit to each of the elements for both Counts One and Three?

Defendant:      Yes, ma'am.

*** 

The Court:      And did you read the entirety of this Plea Agreement before you signed it?

Defendant:      Yes, ma'am.

The Court:      And did you talk with [your attorney] about each and every one of the paragraphs in this document before you signed it?

Defendant:      Yes, ma'am.

The Court:      So were you comfortable you understood everything in your Plea Agreement before you signed it?

Defendant:      Yes, ma'am.

*** 

The Court:      Now, if I were to take these two documents together, your Plea Agreement and the Addendum thereto, do these two documents make up the entirety of your agreement with the

|              |                                                                                                                                                 |
| ------------ | ----------------------------------------------------------------------------------------------------------------------------------------------- |
|              | Government?                                                                                                                                      |
| Defendant:   | Yes, ma'am.                                                                                                                                      |
| The Court:   | Then I am going to go ahead and ask the Government at this time to summarize your Plea Agreement, including specifically the change made in paragraph 3, paragraph 5, paragraph 8, 11 and 15. |

***

|              |                                                                                                                                                 |
| ------------ | ----------------------------------------------------------------------------------------------------------------------------------------------- |
| Prosecution: | And paragraph 11 is entitled "Waiver of Right to Appeal or Otherwise Challenge Sentence," and it states the following: "Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 |

U.S.C., Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel." In paragraph 15, it's entitled "Entirety of Agreement," and it states . . . The defendant, the defendant's attorney, and the Government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied." And it's signed by myself, by Mr. Daniel Mendoza, and his attorney, Robert Jenkins.

The Court:    All right. So, Mr. Mendoza, I want to talk with you a little further about each of those paragraphs. . . So turn

28

|  | with me next to paragraph 11. That's your Appellate Rights. They are very important. What you've agreed to do in paragraph 11 is not to contest your conviction and sentence except on two very limited grounds. And you also agree not to contest those things in any post-conviction proceeding, including, but not limited to, a Section 2255. Do you understand that's what you're doing in paragraph 11? |
|---|---|
| Defendant: | Yes, ma'am. |
| The Court: | So, even more specifically, you've only reserved to yourself the right to appeal where punishment is imposed in excess of the statutory maximum or where you have a claim for ineffective assistance of counsel. Do you understand that? |
| Defendant: | Yes. |
| The Court: | And did you voluntarily and of your own free will agree to give up your appellate rights except in these two limited |

circumstances?

Defendant:     Yes, ma'am.

The Court:     And if we look at that final paragraph, paragraph 15, all I'm trying to confirm again is that other than your Plea Agreement and your Addendum, has anybody made any other promises or assurances to you to to get you to enter a plea here today?

Defendant:     No, ma'am.

                    ***

The Court:     So, as you stand here today, are you telling me you understand this agreement?

Defendant:     Yes, ma'am.

The Court:     And you voluntarily and of your own free will agree to each of these provisions?

Defendant:     Yes, ma'am.

The Court:     And this is the agreement you want the Court to accept and approve?

| | |
|---|---|
| Defendant: | Yes, ma'am. |

***

| | |
|---|---|
| The Court: | Do you have any questions whatsoever? |
| Defendant: | No. |

***

| | |
|---|---|
| The Court: | . . . How do you now plead, sir, to both Counts One and Three of the First Superseding Indictment, guilty or not guilty? |
| Defendant: | Guilty. |

ROA.551, 555-60, 563-64, 570-71.

Mendoza's solemn declarations in open court carry a strong presumption of verity, *see Blackledge*, 431 U.S. at 74, and sufficiently demonstrate Mendoza knew about his appellate rights and that he knowingly forfeited these rights (except for the enumerated exceptions set forth in the Plea Agreement) by entering into the plea bargain arrangement with the Government. Nowhere in the record is there any indication Mendoza was either confused by or did not understand any provision of his Plea Agreement, including the provision which

clearly delineates his waiver of all of his appellate rights. *See generally United States v. Baty*, 980 F.2d 977, 978-79 (5th Cir. 1992) (explaining defendant's obvious confusion regarding the waiver provision obligated the district court to insure that defendant understood her right to appeal and the consequences of waiving that right). When, as here, the record firmly establishes that the defendant's waiver of his appellate rights is a counseled, knowing, and voluntary decision, this Court has consistently held that the defendant "to the bargain to which he agreed."[4] Given Mendoza's verbal affirmations to the Court, *see Blackledge*, 431 U.S. at 74, Mendoza should be held to the bargain to which he agreed and be barred from

---

[4] *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (same); *see United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994) ("We hold [ ] that when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."); *United States v. Wheaten*, 465 Fed.Appx. 321, 323 (5th Cir.) (per curiam) (not designated for publication) ("Wheaten's response . . . indicates that he had read the plea agreement. At no time did Wheaten indicate . . . that he did not understand any of the terms set forth in the agreement. Moreover, Wheaten signed the agreement in which he attested that he had read it and understood its terms.").

appealing any issues falling outside the scope of the enumerated exceptions to his appeal waiver.

### 2. <u>The exceptions to Appellant's appeal waiver do not apply</u>

Turning to the plain language of the Plea Agreement, Mendoza waived his right to challenge his conviction or sentence except for circumstances that include: (a) a sentence exceeding the statutory maximum punishment; and (b) a claim of ineffective assistance of counsel. On this record, however, the undersigned is of the opinion that Mendoza has no basis to raise a claim falling within the enumerated exceptions to his appeal waiver.

### a. *Punishment in excess of the statutory maximum*

### i. Length of imprisonment

The District Court sentenced Mendoza to sentences of 324-months imprisonment for his narcotics offense and 60-months imprisonment for his possession of a firearm offense. ROA.93. The terms of imprisonment imposed by the District Court simply do not exceed the pertinent statutory maximums

for his crimes. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)
(indicating statutory sentencing range of 10-years to a
maximum term of imprisonment of life); 18 U.S.C. §
924(c)(1)(A), (D) (indicating the defendant will be consecutively
"sentenced to a term of imprisonment of not less than 5
years"). Mendoza therefore has no legitimate basis to claim his
prison sentence exceeds the relevant statutory maximums.

### ii.    5-year term of supervised release

The District Court ordered Mendoza to serve a 5-year
total term of supervised release following his incarceration.
ROA.94. The District Court was expressly authorized by
statute to subject Mendoza to anywhere from 5-years up to a
lifetime term of supervised release for his narcotics offense, *see*
21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and not more than 5-
years for his possession of a firearm offense. *See United States
v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011) ("For a felony
conviction pursuant to § 924(c), which is a Class A felony, the
maximum length of supervised release is five years."); *see also*
18 U.S.C. §§ 3559(a)(1), 3583(b)(1). Because the length of the

District Court's terms of supervised release fall within the relevant legal parameters, there is no legitimate basis for Mendoza to challenge the length of his supervisory term as improper.

### iii.   Special assessment

The District Court ordered Mendoza to pay a $200 total special assessment. ROA.97. "The court shall assess on any person convicted of an offense against the United States . . . in the case of a felony . . . the amount of $100 if the defendant is an individual." 18 U.S.C. § 3013(a)(2)(A). Statute therefore mandated the imposition of a $100 special assessment for each of Mendoza's felony offenses. Mendoza therefore has no legitimate basis to claim his special assessment is improper.

### iv.   Fine and restitution

The District Court declined to impose any fines or restitution in this matter. ROA.97. Mendoza, therefore, has no basis to claim the District Court committed reversible error as to these particular matters.

### v.   5-year denial of federal benefits

As part of its sentence, the District Court ordered Mendoza ineligible for all federal benefits for a period of 5-years under 21 U.S.C. § 862(b). ROA.99. Statute provides that following a defendant's second conviction for an "any Federal or State offense involving the possession of a controlled substance" the defendant shall "be ineligible for all Federal benefits for up to 5 years after such conviction as determined by the court." 21 U.S.C. § 862(b)(1)(B). The record confirms Mendoza's underlying offense is an offense consisting of the possession with the intent to manufacture and distribute controlled substances and that he has as a prior conviction for "Possession of a Controlled Substance." ROA.457. Given the nature of Mendoza's offenses, the District Court had sufficient basis to deny Mendoza federal benefits pursuant to § 862(b)(1)(B). Because the District Court's 5-year denial of federal benefits falls within statutory parameters, it is thus proper. Accordingly, Mendoza has no legitimate basis to claim any aspect of his punishment exceeds the relevant statutory

maximum.

### b.    *Ineffective assistance of counsel*

Mendoza likewise has no basis to raise a claim of ineffective assistance of counsel on this record. This Court generally does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). An exception is made if the record allows for a fair evaluation of the merits of the claim. *United States v. Higdon*, 832 F.2d 312, 313-314 (5th Cir. 1987); *see United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *cert. denied sub nom. Aldridge v. United States*, 135 S. Ct. 123 (2014) ("Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court.").

The instant case is not one of those rare cases in which the record allows this Court to fairly evaluate the merits of an ineffective assistance of counsel claim. Mendoza did not argue below that trial counsel was ineffective, nor did he seek a hearing on that basis. Consequently, the record is

undeveloped as to trial counsel's conduct, motivations, or the extent of his investigations and discussions with the defendant.

Without any clear instances of ineffective assistance of counsel appearing in the record, the undersigned counsel is of the opinion that any claim of ineffective assistance of counsel would fail on direct appeal because this Court cannot effectively evaluate such a claim on the record presented. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) ("Since Cantwell's ineffective assistance claim has not been presented to the district court, we decline to review it now. This in no way prejudices Cantwell's claim should she choose to raise it in a later post-conviction proceeding."). This direct appeal therefore presents no legally nonfrivolous ineffective assistance of counsel claims for this Court's review.

## II. EVEN IF THIS COURT WERE TO DISREGARD THE APPEAL WAIVER EXECUTED BY APPELLANT, NO OTHER NONFRIVOLOUS ISSUES EXIST CONCERNING THE TAKING OF APPELLANT'S PLEA OR HIS SENTENCING.

Even if this Court were to disregard the appeal waiver

executed by Mendoza, the undersigned believes there are no other nonfrivolous issues to present on appeal regarding the taking of Mendoza's plea or his sentencing.

## A.  No Nonfrivolous Issues Exist Concerning the Taking of Appellant's Plea

### 1.  <u>Standards applicable to plea hearings</u>

Whether the requirements of Federal Rule of Criminal Procedure 11 are satisfied is a conclusion of law subject to *de novo* review. *United States v. Scott*, 987 F.2d 261, 264 (5th Cir. 1993). A district "court's acceptance of the plea [is regarded] as a positive finding on each [of the subjects of inquiry required by Rule 11], reviewable under the clearly erroneous standard." *United States v. Dayton*, 604 F.2d 931, 940-41 (5th Cir. 1979).

When a defendant raises a claim of noncompliance with the requirements of Rule 11 for the first time on appeal, it is subject to plain error review. *United States v. Trejo*, 610 F.3d 308, 318–19 (5th Cir. 2010). If there was (1) an error below, that was (2) clear and obvious, and that (3) affected the defendant's substantial rights, a *"court of appeals has the discretion to correct it but no obligation to do so." Id.* at 319

(emphasis added). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under [Federal Rule of Criminal Procedure 11], must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

## 2. <u>Rule 11 of the Federal Rules of Criminal Procedure</u>

"Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). More specifically, Rule 11 requires that, before accepting a defendant's plea of guilty, the court should determine:

> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel — and if necessary have the court appoint counsel — at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

FED. R. CRIM. P. 11(b)(1). Rule 11 also requires the court, before accepting a plea of guilty, to "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises other than promises in a plea agreement." FED. R. CRIM. P. 11(b)(2). Further, before entering judgment on a guilty plea, Rule 11 requires the court to determine that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3).

Although Rule 11 specifies a long list of substantive and procedural requirements to be observed before a guilty plea is accepted, *see* FED. R. CRIM. P. 11(b),(c), this Court does not require "letter-perfect" compliance with all of the rule's requirements. *Dayton*, 604 F.2d at 939. This Court has held

that where the three core concerns of Rule 11 are met, *i.e.*, that the guilty plea is free from coercion, that the accused understands the nature of the charges against him, and that the accused knows the direct consequences of his guilty plea, there is no violation of the body or spirit of Rule 11. *Id.* at 939-40.

### 3. **The Magistrate Judge substantially complied with the requirements of Rule 11 at Appellant's rearraignment**

The chart below demonstrates the Magistrate Judge substantially complied with the dictates of Rule 11 at Mendoza's rearraignment hearing.

| Rule | Required Admonition or Discussion | Compliance | Cite |
|---|---|---|---|
| FED. R. CRIM. P. 11(b)(1)(A) | the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath | *See Discussion Below* | ROA.538. |
| FED. R. CRIM. P. 11(b)(1)(B) | the right to plead not guilty, or having already so | Yes | ROA.542. |

| | | | |
|---|---|---|---|
| | pleaded, to persist in that plea | | |
| FED. R. CRIM. P. 11(b)(1)(C) | the right to a jury trial | Yes | ROA.542-43. |
| FED. R. CRIM. P. 11(b)(1)(D) | the right to be represented by counsel — and if necessary have the court appoint counsel — at trial and at every other stage of the proceeding | *See Discussion Below* | ROA.542-43. |
| FED. R. CRIM. P. 11(b)(1)(E) | the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses | *See Discussion Below* | ROA.542-43. |
| FED. R. CRIM. P. 11(b)(1)(F) | the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere | Yes | ROA.543. |
| FED. R. CRIM. P. 11(b)(1)(G) | the nature of each charge to which the defendant is pleading | Yes | ROA.539-40, 545-51. |
| -FED. R. CRIM. P. | any maximum possible penalty, | Yes | ROA.551-53. |

| | | | |
|---|---|---|---|
| 11(b)(1)(H) | including imprisonment, fine, and term of supervised release | | |
| FED. R. CRIM. P. 11(b)(1)(I) | any mandatory minimum penalty | Yes | ROA.551-53. |
| FED. R. CRIM. P. 11(b)(1)(J) | any applicable forfeiture | Yes | ROA.551-53, 558-59. |
| FED. R. CRIM. P. 11(b)(1)(K) | the court's authority to order restitution | Yes | ROA.551-53. |
| FED. R. CRIM. P. 11(b)(1)(L) | the court's obligation to impose a special assessment | Yes | ROA.551-53. |
| FED. R. CRIM. P. 11(b)(1)(M) | in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) | *See Discussion Below* | ROA.553-54. |
| FED. R. CRIM. P. 11(b)(1)(N) | the terms of any plea-agreement provision waiving the right to appeal | Yes | ROA.559-60, 563. |

| | or to collaterally attack the sentence | | |
|---|---|---|---|
| FED. R. CRIM. P. 11(b)(2) | the defendant's plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement) | Yes | ROA.563-64, 565-66. |
| FED. R. CRIM. P. 11(b)(3) | there is a factual basis for the plea | Yes | ROA.566-69. |
| FED. R. CRIM. P. 11(c)(2) | disclosure of the plea agreement in open court | Yes | ROA.555-61. |
| FED. R. CRIM. P. 11(c)(3)(B) | to the extent the plea is one where the Government agrees to make a non-binding recommendation — *see* FED. R. CRIM. P. 11(c)(1)(B) — the defendant will have no right to withdraw the plea if the court does not follow the recommendation | Yes | ROA.561-62. |

The record demonstrates that the Magistrate Judge followed the majority of the requirements of Rule 11, but failed to adhere to it in several respects. The Magistrate Judge's

deviations from the requirements of Rule 11, however, constitute harmless error and present no nonfrivolous appellate issues.

### a. *FED. R. CRIM. P. 11(b)(1)(A)*

First, the District Court's apparent failure to warn Mendoza that any false answers he provided at the plea hearing could subject him to prosecution for perjury or false statements does not warrant reversal of his conviction. Mendoza has not been prosecuted for perjury, and there is nothing in the record suggesting a prosecution for perjury is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003). The record is further devoid of evidence showing the Court's omission affected Mendoza's substantial rights or influenced his decision to plead guilty. As a result, the undersigned believes the lower court's failure to comply with this particular requirement constitutes harmless error. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 445 (5th Cir. 2000) (concluding district court's failure to warn defendant that false answers provided at the plea hearing

could subject him to prosecution for perjury or false statement constituted harmless error).

**b.** *FED. R. CRIM. P. 11(b)(1)(D)*

The Magistrate Judge failed to advise Mendoza of his right to the assistance of "appointed counsel" during all stages of the case. The Court's omission, however, constitutes harmless error because Mendoza has been represented by retained counsel of his choosing below, ROA.26., and appointed counsel on appeal. *See United States v. Wargo*, 603 Fed. Appx. 276, 278 (5th Cir. 2015) (not designated for publication) (rejecting plain error challenge involving Rule 11(b)(1)(D) where record showed the defendant was aware of his right to appointed counsel notwithstanding any omission by the trial court since he was represented by appointed counsel during his proceedings); *see also United States v. Tucker*, 232 Fed. Appx. 597, 600 (7th Cir. 2007) (not designated for publication) (concluding court's "failure to advise [appellant] of his right to counsel at every stage of the proceeding was harmless because he was represented by

counsel throughout the proceedings.").

### c.   *FED. R. CRIM. P. 11(b)(1)(E)*

It appears the Magistrate Judge may have also failed to clearly advise Mendoza of his right to be protected from having his silence used against him should he choose to go to trial and decline to testify. This omission, however, does not rise to the level of reversible, plain error on this record because a notification of this right appeared within Mendoza's written Plea Agreement. ROA.375. (showing Mendoza understood he had the right "to not be compelled to testify against oneself"); *see United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010) ("Thus, a defendant who receives the information omitted by the district court from other sources generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him."). Because Mendoza received the information omitted by the Magistrate Judge from other sources, Mendoza cannot demonstrate that he would not have pleaded guilty had the Court also so informed him.

In any event, there is no indication in the record that the

Rule 11 error at issue can reasonably be viewed as having been a material factor affecting Mendoza's decision to plead guilty. There is no "reasonable probability that, but for the error, [Mendoza] would not have entered [his] plea[s]." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Any omission under Rule 11(b)(1)(E) did not, therefore, affect Mendoza's substantial rights. *See United States v. Cruz-Esteban*, 426 Fed. Appx. 250, 251 (5th Cir. 2011) (not designated for publication) (holding the district court's failure to advise the defendant of five of his rights as required under Federal Rule of Criminal Procedure 11(b)(1)(B)–(F) did not constitute plain error because, for all of the challenged omissions, the defendant could not demonstrate a reasonable probability that he would not have pleaded guilty if he had been advised of those rights).

### d.    *FED. R. CRIM. P. 11(b)(1)(M)*

Lastly, the Magistrate Judge's failure to explain to Mendoza the District Court's obligation to calculate the relevant Guideline range and to consider possible departures

under the Guidelines as well as the other sentencing factors listed in 18 U.S.C. § 3553(a) similarly does not constitute reversible, plain error. The record is simply devoid of any evidence suggesting Mendoza would have refused to plead guilty had the Magistrate Judge properly advised him about the District Court's responsibilities at sentencing. *See United States v. Cuellar*, 339 Fed.Appx. 407, 408 (5th Cir. 2009) (not designated for publication) (holding court's noncompliance with Rule 11(b)(1)(M) did not require reversal on plain error review where the defendant did not show that, but for the error, he would not have entered his plea); *United States v. Gray*, 581 F.3d 749, 754 n.1 (8th Cir. 2009) (determining a violation of Rule 11(b)(1)(M) was harmless where "[defendant] never complained about this violation, and there [was] no evidence [he] would have proceeded differently had the district court complied with this subsection of Rule 11"). The lower court's omission thus does cannot constitute reversible, plain error on this record.

As outlined above, the Magistrate Judge sufficiently

complied with the requirements of Federal Rule of Criminal Procedure 11 at Mendoza's plea hearing. The Magistrate Judge satisfactorily ensured Mendoza was competent and capable of entering an informed plea, ROA.544-45., that his guilty pleas were made knowingly and voluntarily, and that his guilty pleas are supported by an independent basis in fact. On these facts, no nonfrivolous issues exists to present on appeal concerning the taking of Mendoza's guilty pleas. *See Dayton*, 604 F.2d at 939-40.

**B.    No Nonfrivolous Issues Exist Concerning Appellant's Sentencing**

### 1.    Standards of review applicable to sentencing

A district court's compliance with the sentencing procedures of Federal Rule of Criminal Procedure 32 is reviewed *de novo*. *United States v. Myers*, 150 F.3d 459, 465 (5th Cir. 1998). This Court "review[s] the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). Whether a sentence is inside or outside of the Guideline range, this Court reviews

the reasonableness of the sentence for an abuse of discretion. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

If a defendant fails to object in the district court, this Court reviews only for plain error. *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007). Arguments that are properly preserved below, however, are reviewed for harmless error. *United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005).

**2.** <u>**There are no nonfrivolous procedural issues arising from the District Court's sentencing calculations or its imposition of Appellant's sentence**</u>

      **a.** *The District Court properly calculated Appellant's total offense level*

The chart below summarizes the calculations made by the District Court to arrive at a total offense level of 41 for Mendoza:

| Calculation | Level | USSG § | Description | Cite |
|---|---|---|---|---|
| Base Offense Level | 38 | 2D1.1(a)(5) & (c)(1) | 21 U.S.C. §§ 841(a)(1), (b)(1) | ROA. 455. |
| Specific Offense Characteristic | +2 | 2D1.1(b)(5) | Offense involved the importation of methamphetamine | ROA. 455. |

| Specific Offense Characteristic | +2 | 2D1.1(b)(12) | Defendant maintained a premise for manufacturing or distributing a controlled substance | ROA. 455. |
|---|---|---|---|---|
| Adjustment for Role in the Offense | +2 | 3B1.1(c) | Defendant is identified as an organizer, leader, manager or supervisor in a criminal activity | ROA. 238. |
| Adjustment for Acceptance of Responsibility | -3 | 3E1.1(a), (b) | Affirmative acceptance of responsibility | ROA. 456. |
| **Total Offense Level** | 41 | | | ROA. 239. |

### i. The District Court properly calculated the appellant's total offense level

Under the edition of the Federal Sentencing Guidelines applicable to this case, the District Court properly calculated Mendoza's total offense level.

## <u>Base Offense Level</u>

The District Court's calculation of the quantity of drugs involved in a particular offense is a factual determination. *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998). "Factual findings regarding sentencing factors are entitled to

considerable deference and will be reversed only if they are clearly erroneous." *United States v. Watson*, 966 F.2d 161, 162 (5th Cir.1992). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Saunders*, 942 F.2d 894, 897 (5th Cir. 1991). In making findings pursuant to the Sentencing Guidelines, a district court need only be convinced by a preponderance of the evidence. *United States v. McKinney*, 53 F.3d 664, 677 (5th Cir. 1995).

Mendoza admitted within his Factual Basis that his role in the underlying offense was to supply kilogram quantities of methamphetamine to his co-conspirators for distribution in the Eastern and Northern Districts of Texas. ROA.66-67. He further stipulated in his Plea Agreement that a base offense level 38 applied to his offense conduct. The record confirms Mendoza stipulated as follows:

> As to Count One, the amount involved during the term of the conspiracy involved 45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of

> methamphetamine (actual). This amount
> was involved in the conspiracy after the
> defendant entered the conspiracy, was
> reasonably foreseeable to the defendant,
> and was part of jointly undertaken
> activity resulting in a base offense level
> pursuant to U.S.S.G. §2D1.1 of 38.

ROA.377.

Given Mendoza's factual affirmations, the District Court had a firm basis to hold Mendoza accountable for at least 45 kilograms or more of methamphetamine or, alternatively, 4.5 kilograms or more of methamphetamine (actual). Under the relevant Guidelines provisions, a base offense level of 38 applies to any offense involving "[a]t least 45 KG or more of Methamphetamine," "4.5 KG or more of Methamphetamine (actual)." *See* U.S.S.G. §§ 2D1.1(a)(5) & (c)(1). Because Mendoza falls within a base offense level of 38, the District Court correctly calculated Mendoza's base offense level.

## Specific Offense Characteristic: Importation

With respect to the sentencing enhancement applied by the District Court under § 2D1.1(b)(5) for importation of methamphetamine, it too is properly assessed. Section

2D1.1(b)(5) provides for a 2-level enhancement if the defendant is not subject to a mitigating role adjustment and his offense involved "the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully." This Court has explained that "the enhancement under § 2D1.1(b)(5) applies irrespective of whether the defendant knew that the possessed methamphetamine had been unlawfully imported." *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

Mendoza admitted his role in the conspiracy was to supply co-conspirators with kilogram quantities of methamphetamine from various sources, "which was imported from Mexico." ROA.67. Mendoza's co-conspirators would then re-distribute the methamphetamine to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas. ROA.67. There is absolutely no evidence in the record to suggest that Mendoza was entitled to a mitigating role adjustment under the

circumstances of his case. ROA.558.; *see United States v. Garcia*, 242 F.3d 593, 597–98 (5th Cir. 2001) (noting a defendant has the burden to show he is entitled to a Mitigating Role Reduction). The adjustment for importation of methamphetamine is thus proper under the facts presented. *See Serfass*, 684 F.3d at 550.

**Specific Offense Characteristic: Drug Residence**

Section 2D1.1(b)(12) of the Guidelines authorizes a two-level enhancement if the defendant "maintained a premise for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). For the § 2D1.1(b)(12) enhancement to apply, the drug-related activity "need not be the sole purpose for which the premises were maintained." *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015) (quoting § 2D1.1(b)(12), comment. (n.17)). The record confirms that Mendoza maintained an apartment with his brother, where he kept weapons, drug ledgers, drug paraphernalia, and a variety of controlled substances in furtherance of the conspiracy. ROA.138-39, 165-69, 453-54.

Mendoza presented nothing to the District Court to rebut the factual assertions made by the witnesses at the sentencing hearing. *See United States v. Cervantes*, 706 F.3d 603, 620-21 (5th Cir. 2013) (noting that the defendant has the burden to demonstrate that information in the PSR is inaccurate or materially untrue). In light of these facts, the District Court clearly had a plausible basis to apply the § 2D1.1(b)(12) enhancement to Mendoza. *See United States v. Carbajal-Gonzalez*, 661 Fed. Appx. 825, 827 (5th Cir. 2016) (not designated for publication) (holding no error under § 2D1.1(b)(12) because the defendant "presented no evidence to rebut the informant's statements that the house on the ranch was used to store kilogram-quantities of drugs").

## **Adjustment for Role in the Offense: Manager or Supervisor**

A district court's finding regarding a defendant's role in an offense is reviewed for clear error, *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006), and the factual finding that a defendant is a leader, organizer, manager, or supervisor need only be supported by a preponderance of the evidence. *United*

*States v. Puig-Infante*, 19 F.3d 929, 944 (5th Cir. 1994). When making factual findings for sentencing purposes, a district court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Courts have noted that "battles over a defendant's status . . . will almost always be won or lost in the district court" because "the assessment of the appellant's role in the offense of conviction is factbound." *United States v. Conley*, 156 F.3d 78, 85 (1st Cir. 1998).

Under the Guidelines, a sentencing court may upwardly adjust a defendant's offense computation 2-levels if the defendant is an organizer, leader, manager or supervisor in any criminal activity. U.S.S.G. § 3B1.1(c). The commentary to the Guidelines provides that a defendant qualifies for a § 3B1.1 enhancement if he was "the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, cmt. n.2.; *see United States v. Loughridge*, No. 17-

30903, 2018 WL 5603594, at *1 (5th Cir. Oct. 29, 2018) (not designated for publication).

In this case, sentencing witnesses provided testimony corroborating Mendoza's management or supervision of others at the stash houses. ROA. 141-43, ROA.148. ("Through those consensually recorded calls . . the operators of the trap house who worked directly for the Mendozas."). This testimony further reflects that Mendoza played an integral managerial/supervisory role in the offense conduct and directed the activities of others working for him. ROA. 141-43, 148, 174-75. This Court has held that when the evidence demonstrates that a defendant directed another in his or her criminal activities, a sentence enhancement under § 3B1.1(c) is appropriate. *See Loughridge*, 2018 WL 5603594, at *1 (holding a sentence enhancement under § 3B1.1(c) was appropriate where the evidence demonstrated the defendant directed another in his drug trafficking activities). The facts of this case are thus more than sufficient to justify the District Court assessing a 2-level upward adjustment under § 3B1.1(c).

*See id.* The undersigned thus believes Mendoza has no legitimate basis to challenge the District Court's characterization of his role in the offense.

**Acceptance of Responsibility**

The District Court also acted appropriately by granting Mendoza a 3-level adjustment under § 3E1.1 for his acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The record demonstrates Mendoza accepted full responsibility for his actions. ROA.456. Therefore, an adjustment to the defendant's offense level was proper pursuant to § 3E1.1.

> **ii.    Even if this Court assumes a Guideline miscalculation occurred, such error is harmless on this record**

In any event, even if this Court assumes the lower court erred in arriving at any of its Guideline calculations, the District Court oral pronouncement at sentencing and its "Statement of Reasons" firmly demonstrates that any potential error constitutes harmless error. The record confirms the District Court declared as follows: "Although the court finds the guideline calculations announced at the sentencing

hearing to be correct, to the extent they were incorrectly calculated, the court would have imposed the same sentence without regard to the applicable guideline range in light of the factors set forth in 18 U.S.C. § 3553(a)." ROA.253, 474. This Court has recognized that if the District Court's explanation for the sentence makes it clear that the Court based the sentence selected on factors independent of the Guidelines, the application of an erroneous Guidelines range will be insufficient to show a reasonable probability of a different outcome absent the error. *United States v. Wikkerink*, 841 F.3d 327, 337-38 (5th Cir. 2016). Because the record before this Court clearly demonstrates the District Court thought the sentence it chose is appropriate irrespective of the Guidelines and Plea Agreement, no grounds exist to vacate Mendoza's sentences. *See United States v. Ingram*, 481 Fed. Appx. 226, 227 (5th Cir. 2012) (not designated for publication ("Any error did not affect Ingram's substantial rights and was therefore harmless because the court emphatically stated that, based on the stipulated facts, it would have imposed the same sentence

under § 3553(a) regardless of the Government's objection and arguments about the sentence.").

**b.** ***The District Court's criminal history computation is correct***

With respect to Mendoza's criminal history score, the chart below reflects the determinations made by the District Court:

| Date of Sentence | Offense | USSG § | Points | Cite |
|---|---|---|---|---|
| 6-29-15 | Possession of a Controlled Substance; 1 - year probation | 4A1.1(c); 4A1.2(d)(2)(B)[5] | +1 | ROA.457. |
| 6-29-15 | Unlawfully Carrying a Weapon; 1 - year probation | 4A1.1(c); 4A1.2(d)(2)(B)[6] | +1 | ROA.457. |
| **Criminal History Subtotal** | | | 2 | ROA.457-58. |

### U.S.S.G. § 4A1.1(c)

In determining a defendant's criminal history score,

---

[5] These particular misdemeanor convictions are included in Mendoza's criminal history score because he was under 18 and they occurred less than five years prior to his current offense. *See* U.S.S.G. § 4A1.2(d)(2)(B).

[6] *See id.*

sentences for felony and misdemeanor offenses are typically counted, except for misdemeanor/petty offenses listed under U.S.S.G. § 4A1.2(c)(1) and "offenses similar to them." U.S.S.G. § 4A1.2(c)(1), (2); *see United States v. Sandoval*, 481 Fed. Appx. 218, 219 (5th Cir. 2012) (not designated for publication). This is true unless the sentence for the misdemeanor/petty crime involves a term of imprisonment of at least 30-days or a term of probation of more than one year, or the prior offense is similar to the instant offense. U.S.S.G. § 4A1.2(c)(1), (2); *see Sandoval*, 481 Fed. Appx. at 219. Section 4A1.2(c)(1) lists thirteen offenses: careless or reckless driving; contempt of court; disorderly conduct or disturbing the peace; driving without a license or with a revoked or suspended license; false information to a police officer; gambling; hindering or failure to obey a police officer; insufficient funds check; leaving the scene of an accident; non-support; prostitution; resisting arrest; and trespassing. U.S.S.G. § 4A1.2(c)(1); *see United States v. Mendez-Guerra*, 269 Fed. App'x 383, 385 (5th Cir. 2008) (not designated for publication).

The undersigned believes the District Court did not plainly err in allowing the Probation Office to add two total points to Mendoza's criminal history computation under § 4A1.1(c) for his drug possession and weapon offenses. *See* U.S.S.G. § 4A1.1(c) (instructing courts to "[a]dd 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points). The offenses at issue here are not similar to one of the potentially exempted offenses listed under U.S.S.G. § 4A1.2(c)(1). *See, e.g., United States v. Ruacho*, 746 F.3d 850, 853-55 (8th Cir. 2014) (upholding a district court's reliance on a conviction for possession of marijuana for purposes of calculating the defendant's criminal history points); *United States v. Pedigo*, 12 F.3d 618, 630 (7th Cir. 1993) (same); *see also United States v. Russell*, 564 F.3d 200, 206–07 (3d Cir. 2009) (finding that it would be "absurd" if a conviction of misdemeanor marijuana possession were not counted in a defendant's criminal history calculation); *United States v. Washington*, 180 F.3d 263, *4 (5th Cir. 1999) (recognizing a probationary sentence for unlawful carrying of a weapon

qualifies for points under U.S.S.G. § 4A1.1(c)). As such, the undersigned believes the District Court had a sufficient legal foundation to include the defendant's prior offenses in his criminal history score.[7]

Because the total of Mendoza's criminal history points is two, the District Court correctly identified the defendant's criminal history category as II. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (providing that 2 or 3 criminal history points yields a criminal history category of II). There are thus no nonfrivolous issues to present on appeal concerning the calculation of Mendoza's criminal history computation.

Notwithstanding this reasoning, the record provides an alternative basis to find uphold the District Court's sentence even if the Court concludes the District Court erred in its criminal history calculation. The District Court's Statement of

---

[7] The record confirms Mendoza's sentencing for his two prior offenses occurred on the same day. ROA.457. Mendoza, however, has no basis to argue that the District Court should have treated these offenses as related offenses for criminal history computation purposes because the offenses are separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2); ROA.457. As such, no error occurred as to such matters.

Reasons expressly states: "Although the court finds the guideline calculations announced at the sentencing hearing to be correct, to the extent they were incorrectly calculated, the court would have imposed the same sentence without regard to the applicable guideline range in light of the factors set forth in 18 U.S.C. § 3553(a)." ROA.253, 474. This Court has recognized that if the district court's explanation for the sentence makes it clear that the court based the sentence selected on factors independent of the Guidelines, the application of an erroneous Guidelines range will be insufficient to show a reasonable probability of a different outcome absent the error. *Wikkerink*, 841 F.3d at 337-38. Because the record before this Court clearly demonstrates the District Court thought the sentence it chose is appropriate irrespective of the Guidelines range it deemed applicable, there is no grounds to vacate Mendoza's sentences.

### 3. ***The District Court fully complied with its obligations at sentencing***

The chart below demonstrates the District Court fully complied with its duties at sentencing:

| Rule or Requirement | Required Admonition or Discussion | Compliance | Cite |
|---|---|---|---|
| FED. R. CRIM. P. 32(h) | notice of possibility of departure on ground not identified in the PSR or prehearing submissions by the parties | N/A | N/A |
| FED. R. CRIM. P. 32(i)(1)(A) | verify that the defendant and the defendant's attorney have read and discussed the PSR and any addendum | Yes | ROA.118-19. |
| FED. R. CRIM. P. 32(i)(1)(B) | give the defendant a written summary of — or summarize *in camera* — any information excluded from the PSR on which the court will rely at sentencing and give the defendant a reasonable opportunity to | N/A | N/A |

| | comment | | |
|---|---|---|---|
| FED. R. CRIM. P. 32(i)(1)(C) | allow defendant's attorney to comment on the probation officer's determinations and other matters relating to an appropriate sentence | Yes[8] | ROA.116-18, 119-20, |
| FED. R. CRIM. P. 32(i)(3)(B) | rule on any disputed portion of the PSR or other controverted matter, or determine that a ruling is not necessary | Yes[9] | ROA.238; *see also* ROA.474. |
| FED. R. CRIM. P. 32(i)(4)(A)(i) | allow defendant's attorney to speak on the defendant's behalf | Yes | ROA.237-38. 244-46. |
| FED. R. CRIM. P. | address the defendant | Yes | ROA.246. |

[8]Defense counsel advised the Court that the defendant had no objections to the content or calculations set forth within the PSR except for the leadership role enhancement urged by the Government at sentencing. ROA.116-18, 119-20.

[9] Defense counsel advised the Court that the defendant had no objections to the content or calculations set forth within the PSR except for the leadership role enhancement urged by the Government at sentencing. ROA.116-18, 119-20.

| | | | |
|---|---|---|---|
| 32(i)(4)(A)(ii) | personally in order to allow him to speak on his own behalf (allocution) | | |
| FED. R. CRIM. P. 32(j)(1) | advise the defendant of his right to appeal his conviction and sentence, and to do so in forma pauperis if necessary | Yes | ROA.253-54. |
| FED. R. CRIM. P. 32(k)(1) | ensure the judgment correctly sets forth the plea or verdict, adjudication of guilt, and sentence | Yes | ROA.92-99; ROA.247-50. |
| 18 U.S.C. § 3553(c) | state in open court the reasons for the imposition of the particular sentence | Yes | ROA.248, 253.; *see also* ROA.474. |
| 18 U.S.C. § 3553(c)(1) | if the applicable Guideline range exceeds 24 months, state the reason for imposing a | Yes | ROA.248, 253.; *see also* ROA.474. |

| | sentence at a particular point within the range | | |
|---|---|---|---|
| 18 U.S.C. § 3553(c)(2) | if a departure sentence is imposed, state the specific reason for such departure | Yes | ROA.248, 253.; *see also* ROA.474. |

The record demonstrates the District Court fully complied with all of its sentencing responsibilities. Consequently, there are no nonfrivolous issues to present concerning the imposition of Mendoza's sentence.

### 4. *Appellant had sufficient notice of the potential penalties for his offenses*

The record also demonstrates Mendoza had sufficient notice of the potential penalties for his offenses. Mendoza's Plea Agreement specifically addressed each of the penalties Mendoza faced in connection with his crimes in detail. ROA.376. In addition, the PSR, which the defendant discussed with counsel, also explained such penalties to Mendoza. ROA.461-63. To the extent that the District Court should have given Mendoza a more complete explanation of the potential

72

penalties he faced at the sentencing hearing, such an omission does not warrant the reversal of Mendoza's sentence. Nothing in the record establishes that a different sentence might have been imposed had the District Court provided a more detailed explanation to Mendoza about his potential punishments. ROA.253, 474. Accordingly, there are no nonfrivolous issues to present on appeal as to this matter.

**5.** ***There are no nonfrivolous challenges to the substantive reasonableness of Appellant's sentence***

There are also no nonfrivolous issues to present on appeal with respect to the reasonableness of any aspect of Mendoza's sentence. Because Mendoza did not object to the length of his sentence or any other part of the punishment imposed, ROA.256., this Court reviews any challenge to the substantive reasonableness of the defendant's sentence for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

**i.** ***384-month total term of imprisonment***

This    Court    reviews    a    sentencing    decision    for

reasonableness regardless of whether the sentence imposed is inside or outside the Guidelines range. *United States v. Rodriguez*, 711 F.3d 541, 547 (5th Cir. 2013) (*en banc*). There is simply nothing in the record to suggest that Mendoza can overcome the presumption of reasonableness applicable to his below-Guideline prison sentence. The District Court sentenced Mendoza to consecutive sentences of 324-months imprisonment for his narcotics offense and 60-months imprisonment for his possession of a firearm offense. ROA.247-48. None of the terms of imprisonment imposed by the District Court exceeded any of the statutory maximum punishments applicable to Mendoza's crimes. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (indicating statutory sentencing range of 10-years to a maximum term of imprisonment of life); 18 U.S.C. § 924(c)(1)(A), (D) (indicating the defendant will be consecutively "sentenced to a term of imprisonment of not less than 5 years"). Nor do any of the sentences imposed by the District Court fall outside any of the Guideline ranges potentially applicable to Mendoza's offenses. *See* ROA.461,

471. (confirming the defendant's sentence fell within both the original 292 to 365-month Guideline range recommended by the Probation Office as well as the 360-month to life sentencing range ultimately deemed applicable by the Court)

Nothing in the record suggests that Mendoza's sentences do not account for a factor that should receive significant weight, give significant weight to an irrelevant or improper factor, or represent a clear error of judgment in the balancing of the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) ("The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."). On these facts, Mendoza has no legitimate basis to challenge the reasonableness of his prison sentences. There are thus no nonfrivolous issues to present concerning the substantive reasonableness of Mendoza's prison sentences.

### ii.   *The terms of supervised release*

Turning to the length and conditions of supervised release imposed upon Mendoza, they too are reasonable. The District Court was expressly authorized by statute to subject Mendoza to anywhere from 5-years up to a lifetime term of supervised release for his narcotics offense, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and not more than 5-years for his possession of a firearm offense. *See United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011) ("For a felony conviction pursuant to § 924(c), which is a Class A felony, the maximum length of supervised release is five years."); *see also* 18 U.S.C. §§ 3559(a)(1), 3583(b)(1). They also fall within the ranges recommended by the Guidelines. *See* U.S.S.G. § 5D1.2(c) (stating the "[t]erm of supervised release imposed shall not be less than any statutorily required term of supervised release"); U.S.S.G. § 5D1.2(a)(1) (stating the Guideline range of supervised release for a Class A felony is two to five years). Because the length of the District Court's terms of supervised release (concurrent 5-year terms) fall within the relevant legal

parameters, there is no legitimate basis for Mendoza to challenge the length of the District Court's terms of supervised release. ROA.94.

As for the specific conditions of Mendoza's release, no plain errors exist with respect to any of the conditions of imposed upon Mendoza. The majority of the conditions imposed by the District Court are either standard or mandatory conditions of supervised release under statute, the Guidelines, or local rule. ROA.94-96. With respect to the special conditions of supervised release identified by the Court, they too are proper under the circumstances.

## **Drug Conditions**

Mendoza has no basis to complain about the Court's supervised release terms relating to: (1) his duty to attend a substance abuse treatment program; (2) his responsibility for the costs of such treatment; (3) his obligation to comply with the substance abuse testing requirements of the treatment program; and (4) allowing the Probation Office to supervise his participation in the program in consultation with the

treatment provider. The requirement that Mendoza attend a substance abuse treatment program is entirely reasonable given that the facts contained within the PSR indicate Mendoza has suffered from substance abuse problems and could still benefit from participating in such a program. ROA.460. (indicating the defendant smokes marijuana daily and is interested in completing a drug treatment program); *see* U.S.S.G. § 5D1.3(d)(4) (noting that if the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol--a condition requiring the defendant to participate in a program for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol).

As for the drug testing terms of supervised release, it too is reasonable because it is likely a component of any substance abuse treatment program. Furthermore, the supervised release requirements that Mendoza bear the costs of his treatments is reasonable because it is consistent with the proper administration of the other terms of his supervised

release. *See generally United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (per curiam) (noting the requirement that a defendant bear the costs of his drug treatment and "comply with the rules and regulations of the treatment agency" are "clearly consistent" with the sentencing court's intent that the defendant attend treatment); *United States v. Venegas*, 670 Fed. Appx. 264, 266 (5th Cir. 2016) (same).

Moreover, nothing about the condition allowing the Probation Office to supervise Mendoza's participation in the treatment program amounts to an improper delegation of authority by the District Court. *See United States v. Brown*, 711 Fed. Appx. 244, 244–45 (5th Cir. 2018) (concluding that requirement that defendant participate "in a treatment program 'as directed by the probation officer' does not constitute an impermissible delegation of authority, as it permits the probation officer to address only the details of the treatment, not the necessity for such treatment."); *United States v. Gutierrez*, 698 Fed. Appx. 789, 790 (5th Cir. 2017) (citing cases).

**Financial Monitoring**

As for the condition imposed upon Mendoza to provide the Probation Office with any requested financial information, such restriction is entirely reasonable given Mendoza's circumstances. ROA.460-61). (showing the defendant has been "supported by his family" and has minimal work history). It appears the Court included such term as a basic requirement for the administration of Mendoza's supervised release and to deter further criminal conduct and protect the public from Mendoza. *See* 18 U.S.C. § 3583(d)(1)-(3) (reflecting a court may order appropriate special condition of release so long as it is reasonably related to factors set forth in § 3553, it involves no greater deprivation of liberty than necessary, and it is consistent with policy statements of the Sentencing Commission); *United States v. Behler*, 187 F.3d 772, 780 (8th Cir. 1999) (affirming imposition of condition requiring access to financial information where district court "believed that monitoring [the defendant's] financial situation would aid in detecting any return to his former lifestyle of drug

distribution"); *United States v. Vega*, No. 13-40681, 2014 WL 10937081, at *2 (5th Cir. Sept. 15, 2014) (not designated for publication) ("Allowing the probation officer to access Vega's financial information will help the officer to monitor whether Vega obtains legitimate employment and to detect if he begins to obtain funds illegally, thereby deterring further criminal conduct and protecting the public."). There are thus no nonfrivolous issues to present concerning the conditions of supervised release imposed upon Mendoza.

### iii.   <u>Special assessment</u>

The District Court ordered Mendoza to pay a $200 total special assessment. ROA.97. "The court shall assess on any person convicted of an offense against the United States . . . in the case of a felony . . . the amount of $100 if the defendant is an individual." 18 U.S.C. § 3013(a)(2)(A). Because statute mandated the imposition of a $100 special assessment to Mendoza for each of his felony offenses, the District Court did not commit clear or obvious error in this regard.

### iv. **5-year denial of federal benefits**

As part of its sentence, the District Court ordered Mendoza ineligible for all federal benefits for a period of 5-years under 21 U.S.C. § 862. ROA.99. Statute provides that following a defendant's second conviction for an "any Federal or State offense involving the possession of a controlled substance" the defendant shall "be ineligible for all Federal benefits for up to 5 years after such conviction as determined by the court." 21 U.S.C. § 862(b)(1)(B). The record confirms Mendoza's underlying offense is an offense consisting of the possession of controlled substances and that he has as a prior conviction for "Possession of a Controlled Substance." ROA.457. Given the nature of Mendoza's offenses, the District Court had sufficient basis to deny Mendoza federal benefits pursuant to § 862(b)(1)(B). Because the District Court's 5-year denial of federal benefits falls within statutory parameters, it is thus proper.

Nevertheless, even if this Court were to assume the District Court erred in barring Mendoza from receiving federal

benefits for a 5-year period, such error could not constitute plain reversible error on this record. Mendoza is only ineligible for certain federal benefits under the relevant statute, such as "the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." 21 U.S.C. § 862(d)(1)(A). These are benefits that Mendoza obviously cannot use or enjoy while in federal prison. The District Court imposed the bar on such benefits for only five-years, whereas Mendoza's term of imprisonment is for a much longer period of time— 384-months. Given the circumstances, including the absence of any evidence in the record identifying any particular federal benefit for which Mendoza is or might be eligible to receive during the relevant time period that he now cannot receive, the undersigned believes the defendant is unable to show any error seriously affects the fairness, integrity or public reputation of judicial proceedings so as to warrant reversal under a plain error review. *See United States v. Bobadilla-Rodriguez*, 534 Fed. Appx. 250, 250 (5th Cir.

2013) (per curiam) (not designated for publication) (rejecting defendant's assertion that district court's imposition of a five-year federal benefits ineligibility period resulted in a sentence exceeding the relevant statutory maximum because no evidence established any effect on the defendant's substantial rights).

### v.  The court declined to impose any fines or restitution upon the Appellant

The District Court chose not to impose any fines or restitution upon Mendoza. ROA.97. Thus, there are no nonfrivolous issues to present concerning any fines or restitution in this matter. In sum, the undersigned believes no nonfrivolous issues exist to present concerning the reasonableness of Mendoza's sentence.

### 6.  There are no other nonfrivolous challenges to raise on appeal

Lastly, the undersigned has reviewed and assessed the record for any other potential reversible errors and can find no other nonfrivolous issues Mendoza can present to this Court.

## APPOINTED APPELLATE COUNSEL'S
## MOTION TO WITHDRAW

After examining the facts of this case in light of the applicable law, it is the professional opinion of counsel that there are no legally nonfrivolous grounds for an appeal in this case. Counsel hereby moves to withdraw from this case in accordance with *Anders v. California*, 386 U.S. 738 (1967), and further asks the Court to rule on this appeal in accordance therewith.

## CONCLUSION

In sum, this case presents no legally nonfrivolous issues on appeal. Because no issues exist that might arguably support an appeal, this Court should grant counsel's motion to withdraw and excuse counsel from any further responsibilities in this matter.

Respectfully submitted,

KELLER STOLARCZYK PLLC
234 W. Bandera Rd., No. 120
Boerne, Texas 78006
Tele: 830.981.5000
Facs:888.293.8580

*/s/ Kimberly S. Keller*
Kimberly S. Keller

## CERTIFICATE OF SERVICE

I, Kimberly S. Keller, certify that today, May 23, 2020, a copy of Appellant's *Anders* Brief & Appointed Counsel's Motion to Withdraw was served, via this Court's e-filing system, on opposing counsel. I also certify that a hard copy of a copy of Appellant's *Anders* Brief & Appointed Counsel's Motion to Withdraw has been served on the defendant-appellant at the following address: Daniel Mendoza, No. 28122-078, Pollock FCI, P.O. Box 4050, Pollock, LA 71467.

As to Appellant's *Anders* Brief & Appointed Counsel's Motion to Withdraw, I certify that I have complied with the requirements of *United States v. Moreno-Torres*, 768 F.3d 439 (5th Cir. 2014). The undersigned has advised the defendant-

appellant in a manner and language understood by the defendant: (i) that I fully examined the record and reviewed the relevant law and determined there are no meritorious issues for appeal; (ii) that I am moving to withdraw; (iii) that if granted, the motion will result in the dismissal of the appeal; and (iv) the defendant has the right to file a response, in English, opposing my motion, within thirty days.

*/s/ **Kimberly S. Keller***
Kimberly S. Keller

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies as follows:

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 11,587 words printed in a proportionally spaced typeface.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it is printed in a proportionally spaced, serif typeface using Bookman Old Style 14-point font in text and Bookman Old Style 12-point font in footnotes.

3. This brief complies with the privacy redaction requirements of 5th Circuit Rule 25.2.13.

4. This brief complies with 5th Circuit Rule 25.2.1 because it is an exact copy of the electronic submission.

5. This brief is free of viruses because it has been scanned for viruses with the most recent version of a commercial virus scanning program.

*/s/ Kimberly S. Keller*
Kimberly S. Keller